```
                    UNITED STATES DISTRICT COURT
                    NORTHERN DISTRICT OF INDIANA
                        SOUTH BEND DIVISION
```

PATRICIA ROLENS,                    )
                                    )
            Plaintiff               )
                                    )
    vs.                             )   CAUSE NO. 3:04-CV-458 RM
                                    )
CITY OF MISHAWAKA, INDIANA;         ]
CITY OF MISHAWAKA, INDIANA,         ]
POLICE DEPARTMENT                   )
                                    )
            Defendants              )

## OPINION AND ORDER

This matter comes before the court on the City of Mishawaka's and the City of Mishawaka Police Department's motion for summary judgment on all claims against them. For the following reasons, the court grants the defendants' motion in part and denies it in part.

Summary judgment is appropriate when "the pleadings, depositions, answers to the interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). In deciding whether a genuine issue of material fact exists, "the evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). No genuine issue of material fact exists when a rational trier of fact could not find for the nonmoving party even when the record as a whole is viewed in the light most favorable to the

nonmoving party. Ritchie v. Glidden Co., 242 F.3d 713, 720 (7th Cir. 2001). "The mere existence of an alleged factual dispute will not defeat a summary judgment motion; instead, the nonmovant must present definite, competent evidence in rebuttal." Butts v. Aurora Health Care, Inc., 387 F.3d 921, 924 (7th Cir. 2004). The party with the burden of proof on an issue must show that there is enough evidence to support a jury verdict in his favor. Lawrence v. Kenosha County, 391 F.3d 837, 842 (7th Cir. 2004); *see also* Johnson v. Cambridge Indus., Inc., 325 F.3d 892, 901 (7th Cir. 2003) ("summary judgment 'is the 'put up or shut up' moment in a lawsuit, when a party must show what evidence it has that would convince a trier of fact to accept its version of events'" *(*quoting Schacht v. Wisconsin Dep't of Corr., 175 F.3d 497, 504 (7th Cir. 1999)).

Mishawaka moves for summary judgment on any sex discrimination claim brought under Title VII by the plaintiff's complaint; the Police Department moves for summary judgment on all claims against it. Ms. Rolens says her complaint contains a discrimination claim, but she hasn't developed any argument against granting the defendants' arguments on these points. With no evidence, argument, or cited law in the record that would support a discrimination claim or allow any claim to go forward against the Police Department, summary judgment is appropriate on these claims. *See* Jones v. Bowman, 694 F. Supp. 538, 544 (N.D. Ind. 1988); *see also* Beamon v. Marshall & Ilsley Trust Co., 411 F.3d 854, 862 (7th Cir. 2005) ("unsupported and undeveloped arguments are waived"); Sanders v. Village of Dixmoor, Ill., 178 F.3d 869, 870 (7th Cir. 1999) ("It is a well-settled

2

rule that a party opposing a summary judgment motion must inform the trial judge of the reasons, legal or factual, why summary judgment should not be entered." (citation omitted)).

Ms. Rolens also asserts she was the victim of retaliation after she complained about unlawful acts of the Police Department, and was summoned to testify in the subsequent EEOC investigation. 42 U.S.C. § 2000e-3(a) provides that "[i]t shall be an unlawful employment practice for an employer . . . to discriminate against any individual . . . because [s]he has opposed any practice made an unlawful employment practice by [Title VII]." Title VII "protects persons not just from certain forms of job discrimination [and harassment], but from retaliation for complaining about the types of discrimination it prohibits." Miller v. American Family Mut. Ins. Co., 203 F.3d 997, 1007 (7th Cir. 2000). To prove retaliation under Title VII, a plaintiff may use "either the direct method or the indirect, burden-shifting method. The direct method requires the plaintiff to show that: (1) she engaged in statutorily protected activity; (2) she suffered an adverse employment action taken by the employer; and (3) a causal connection between the two." Moser v. Indiana Dep't of Corr., 406 F.3d 895, 903 (7th Cir. 2005) (citations omitted).

> Under the direct method, there are two types of permissible evidence. First, there is direct evidence; i.e., evidence that, if believed by the trier of fact, would prove the fact in question "without reliance on inference or presumption. Direct evidence essentially requires an admission by the decision-maker that his actions were based upon the prohibited animus. Needless to say, such admissions are rarely encountered. The second type of evidence permitted under the direct

3

> method is circumstantial evidence; i.e., evidence that allows a jury to infer intentional discrimination by the decisionmaker.

Rogers v. City of Chicago, 320 F.3d 748, 753-754 (7th Cir. 2003) (quotations and citations omitted); *see also* Hottenroth v. Village of Slinger, 388 F.3d 1015, 1028 (7th Cir. 2004).

Ms. Rolens asserts that in April 2003, she complained to various officials at the Mishawaka Police Department, and Mishawaka's Director of Human Resources, about what she believed was sexual harassment and retaliatory behavior that a co-worker, Cindy Nichols, was experiencing at the Police Department.[1] In June 2003, Ms. Nichols filed a charge with the EEOC stemming from this same conduct, and on September 8, 2003, Mishawaka was notified of the EEOC's intent to interview Ms. Rolens to determine the merits of Ms. Nichols' charge. Ms. Rolens' employment was terminated eight days later.

Mishawaka says Ms. Rolens can't show a causal connection between the decision to fire her and her participation in the EEOC investigation. Mishawaka says that Assistant Chief Giannuzzi, whom it asserts was the decisionmaker ultimately responsible for terminating Ms. Rolens' employment, wasn't aware of her participation of the EEOC investigation when he made the decision to fire her. There is evidence in the record, however, that Assistant Chief Giannuzzi knew of Ms. Rolens' earlier complaints about Ms. Nichols' employment conditions, and Assistant Chief Giannuzzi himself stated at his deposition that he did not know

---

[1] For the factual background on this behavior, see the court's summary judgement order found on the court's civil docket: 3:04cv245, Doc. No. 32.

4

when he talked with Ms. McCloughon (Ms. Rolens' supervisor) and Ms. Bonham (Mishawaka's Director of Human Resources) about terminating Ms. Rolens— both of whom knew of Ms. Rolens' participation in the EEOC investigation before her termination.[2]

Other factual questions, too, support denial of summary judgment on this claim. As Ms. Rolens points out, there is a question of time and circumstance under which Ms. McCloughon was instructed to supplement Ms. Rolens' disciplinary record, as well as whether Ms. McCloughon warned Ms. Rolens that she needed to get a lawyer before testifying at the EEOC hearing. Finally, Mishawaka's stated non-retaliatory reason for firing Ms. Rolens — that she used an improper and sarcastic tone on the September 7 dispatch call — is itself an issue of fact regarding the reason for Ms. Rolens' termination, especially in light of the actual content of the tape-recorded version submitted for the court's review.

Ms. Rolens has identified genuine issues of material fact under the direct method. A reasonable jury hearing Ms. Rolens' version of the facts, and reviewing the evidence that supports it, could find she is entitle to relief under Title VII, and so, summary judgment is not appropriate.

Ms. Rolens brings a 42 U.S.C. § 1983 claim for retaliation in violation of her First Amendment rights. At the outset, Mishawaka urges the court to find that

---

[2] Mishawaka urges the court to believe Assistant Chief Giannuzzi's testimony that he did not know of Ms. Rolens' participation in the EEOC investigation at the time he decided to terminate her employment, but a summary judgment court "may not make [such] credibility determinations." Payne v. Pauley, 337 F.3d 767, 770 (7th Cir. 2003).

municipal liability for any violations of Ms. Rolens' First Amendment is improper because the alleged violation was not pursuant to any policy or custom of Mishawaka. Ms. Rolens argues that Mishawaka's Mayor, its legal department, and Ms. Bonham were all principals and agents of Mishawaka, so their actions could render Mishawaka vicariously liable.

As a matter of law, "[m]unicipalities cannot be held liable for § 1983 claims under a theory of respondeat superior." Rasche v. Village of Beecher, 336 F.3d 588, 597 (7th Cir. 2003). Ms. Rolens must show that her "deprivation of [her] constitutional right[] [was]caused by a municipal policy or custom." Id. An unconstitutional policy or custom can take one of three forms:

> (1) an express policy that, when enforced, causes a constitutional deprivation; (2) a widespread practice that, although not authorized by written law or express municipal policy, is so permanent and well settled as to constitute a "custom or usage" with the force of law; or (3) an allegation that the constitutional injury was caused by a person with final policymaking authority.

Rasche v. Village of Beecher, 336 F.3d at 597-598 (quotations and citations omitted). Ms. Rolens attempts to show she was deprived of her First Amendment right to free speech under the third instance. Under this theory,

> [m]unicipal liability under § 1983 attaches where-- and only where--a deliberate choice to follow a course of action is made from among various alternatives by the official or officials responsible for establishing final policy with respect to the subject matter in question. In order to have final policymaking authority, an official must possess [r]esponsibility for making law or setting policy, that is, authority to adopt rules for the conduct of government. Authority to make municipal policy may be granted directly by a legislative enactment or may be delegated by an official who possesses such authority, and of course, whether an official had final policymaking

6

>authority is a question of state law. In examining state law to determine such authority, we are to [r]eview[ ] the relevant legal materials, including state and local positive law, as well as custom or usage having the force of law.

Id. at 599-600.

Thus, to continue to trial with her § 1983 claim, Ms. Rolens must show (1) that either the Mayor, the legal department, and/or Ms. Bonham was "an official with authority to establish municipal policy [as defined above], and (2) that there is a genuine issue of material fact whether [that same person/group] caused the violation of [Ms. Rolens'] right." Luck v. Rovenstine, 168 F.3d 323, 326 (7th Cir. 1999). The summary judgment record shows she cannot do so, and so may not proceed with her claim.

While there is evidence in the record that the Mayor might have known of the EEOC investigation, nothing suggests the Mayor knew that Ms. Rolens' employment was ever in jeopardy. Ms. Rolens may not proceed against Mishawaka based on the Mayor's conduct.

As to Mishawaka's legal department and Ms. Bonham, nothing in the record could establish either of them as persons with final policy making authority. No citation to state or municipal law indicates that either Ms. Bonham or the Legal Department had the requisite authority needed to establish municipal liability under § 1983. Ms. Rolens has not made the required showing to proceed. Mishawaka is entitled to summary judgment on this claim.

For the foregoing reasons, the court GRANTS IN PART the defendants' summary judgment motion: the motion is GRANTED with respect to all claims against the Mishawaka Police Department, is GRANTED with respect to any sex discrimination claim and the 42 U.S.C. § 1983 action against the City of Mishawaka, and is DENIED as to the Title VII retaliation claim against the City of Mishawaka [Doc. No. 18]. Because the evidence at issue in the defendant's motion to strike was not considered for the purposes of the summary judgment order, the motion is DENIED as moot [Doc. No. 19]. Finally, the plaintiff's motion for a hearing is also DENIED as moot [Doc. No. 17].

SO ORDERED.

ENTERED: December 13, 2005

/s/ Robert L. Miller, Jr.
Chief Judge
U.S. District Court